THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CIVLC 7.1(b)(1)
(Rule Number/Section)

✓ FILED          LODGED
  RECEIVED       COPY

MAY 1 4 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Joseph Martin McGhee
412 E David Dr
Flagstaff, AZ 86001
(928) 600-0954
mcghee.v.hmh@gmail.com
*Plaintiff Pro Se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Joseph Martin McGhee,          )
                               )   Case No.   CV-19-8145-PCT-DWL
          Plaintiff,           )
                               )
     v.                        )   **COMPLAINT FOR DAMAGES AND**
                               )   **INJUNCTIVE RELIEF FOR**
High Mountain Health, LLC; Aspen )  **VIOLATIONS OF THE FEDERAL**
Management, LLC; High River Consulting, )  **RACKETEER INFLUENCED AND**
LLC; Red Bud Holdings, LLC; David Stilley; )  **CORRUPT ORGANIZATIONS ACT**
Katherine Spillman; Steven Thompson, )
                               )   **JURY TRIAL DEMANDED**
          Defendants.          )
_____)

Plaintiff Joseph Martin McGhee brings this action against High Mountain Health, LLC,

Aspen Management, LLC, High River Consulting, LLC, Red Bud Holdings, LLC, David Stilley,

Katherine Spillman, and Steven Thompson, for damages and injunctive relief and to vindicate

the federal laws prohibiting and regulating the cultivation and sale of marijuana and Plaintiff's

rights under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Plaintiff is a former employee of High Mountain Health and/or Aspen Management

and/or High River Consulting, who has been substantially injured in his business by a continuing

conspiracy to manufacture and distribute marijuana. Plaintiff seeks a declaration of rights and

other relief, including, but not limited to redress under RICO, which requires those

who engage in racketeering activity—including the commercial production of marijuana—to pay

those they injure treble damages, costs, and attorneys' fees.

Plaintiff also seeks an injunction under RICO directing the marijuana operations to cease and desist violating the federal drug laws.

## I.        PARTIES

1.      Plaintiff Joseph McGhee, 412 East David Drive, Flagstaff, AZ, 86001, is a citizen of the United States and resident of Flagstaff, Arizona. From August of 2017 until January of 2018 he was a paid employee of the Defendants and his official job title was "Cultivation Assistant." During his employment by Defendants he was an Arizona licensed "Dispensary Agent"

2.      Defendant High Mountain Health is a limited liability company ("LLC") organized under the laws of the State of Arizona, with a principal place of business at 1250 South Plaza Way, Flagstaff, Arizona. David Stilley, 5420 Rabbit Road, Flagstaff, Arizona, 86001, is the member-manager and the statutory agent of this entity.

3.      Defendant Aspen Management is a is a limited liability company organized under the laws of the State of Arizona, with a principal place of business at 17 North Leroux Street, Suite 203, Flagstaff, Arizona, 86001. High River Consulting, LLC, is the member-manager of Aspen Management, with no person currently assigned as the statutory agent of this entity.

4.      Defendant High River Consulting is a is a limited liability company organized under the laws of the State of Arizona, with a principal place of business at 17 North Leroux Street, Suite 203,, Flagstaff, Arizona, 86001. Katherine Spillman, 416 East Bertrand Ave, Flagstaff, Arizona, 86001, is the member-manager. David Stilley, 5420 Rabbit Road, Flagstaff, Arizona, 86001 and Steven Thompson, 5220 Van Sickle, Flagstaff, Arizona, 86001, are members.  David Stilley is as the statutory agent for this entity.

2

5.      Defendant Red Bud Holdings, LLC,  is a is a limited liability company organized under the laws of the State of Arizona, with a principal place of business at 17 North Leroux Street, Suite 203, Flagstaff, Arizona, 86001. High River Consulting, LLC, is the member-manager of Red Bud Holdings, with no person currently assigned as the statutory agent of this entity.

6.      Defendant David Stilley is an individual residing at 5420 Rabbit Road, Flagstaff, Arizona, 86001.

7.      Defendant Katherine Spillman is an individual residing at 416 North Bertrand Ave, Flagstaff, Arizona, 86001.

8.      Defendant Steven Thompson is an individual residing at 5220 Van Sickle, Flagstaff, Arizona, 86001.

## II.      JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Plaintiff's RICO claims under 18 U.S.C. § 1964(c), 28 U.S.C. § 1331, and 28 U.S.C. § 2201. This Court also has subject matter jurisdiction over Plaintiff's federal preemption claims under 28 U.S.C. § 1331, and the Plaintiff seeks remedies for his federal preemption claims under 28 U.S.C. §§ 1651, 2201, and 2202.

10.      This Court has personal jurisdiction over all Defendants and venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial portion, if not virtually all, of the events giving rise to this suit occurred and are occurring in Arizona.

11.      Venue over Plaintiff's RICO claims is also proper under 18 U.S.C. § 1965(a) because the RICO defendants reside in Arizona or transact affairs in Arizona.

## III.      BASIS FOR ENTITLEMENT TO CLAIM FOR RELIEF

12.      Plaintiff is entitled to bring this claim for relief because his employment by the

Defendants was terminated shortly after Defendants learned that Plaintiff had been acting in cooperation with Special Agents of the United States Drug Enforcement Administration ("DEA") in a federal criminal investigation against Defendants.

13.     Plaintiff argues that the termination of his employment by the Defendants was a predicate act for the purposes of RICO, specifically a violation of 18 U.S.C. § 1513(e), and that Plaintiff therefore has standing to bring this action against Defendants for the economic harm to Plaintiff that this this predicate act of retaliation caused. Plaintiff argues that this predicate act was committed by the Defendants specifically in the furtherance of the racketeering enterprise. Plaintiff further argues that Defendants were fully aware that they had been acting in violation of the Arizona Medical Marijuana Act, that Plaintiff was cooperating with DEA in a criminal investigation of Defendants, and that criminal prosecution of the Defendants was, if not a probable outcome, at least a possible one. Plaintiff alleges injury to himself in his business, specifically economic harm from loss of employment and future wages and benefits directly caused by the Defendants' racketeering activity in committing the predicate act of violating 18 U.S.C. § 1513(e), and was proximately due to the activities of the racketeering enterprise itself. Plaintiff additionally argues standing under the 9th Circuit Court of Appeals decision in *Diaz v.Gates*, 380 F.3d 480 (9th Cir.2004), which holds that loss of employment is an injury for the purposes of RICO.

## IV.     **INTRODUCTION**

14.     It is a fundamental principle of the United States Constitution that federal law is the supreme law of the land. The Supreme Court of the United States has held that: "[S]ince our decision in M'Culloch v. Maryland, it has been settled that state law that conflicts with federal law is 'without effect.'" Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516 (1992)(internal

citations omitted)(quoting Maryland v. Louisiana, 451 U.S. 725, 746 (1981)). On the issue of marijuana, federal law is clear: it is a felony under the Controlled Substances Act of 1970 ("CSA") to deal in marijuana. Despite the express federal prohibition on marijuana, the voters of Arizona have enacted laws, and the State of Arizona has enacted regulations, designed to promote the growth of a billion-dollar commercial marijuana industry. Yet, notwithstanding that medicinal marijuana is now "legal" in Arizona, the drug's cultivation, sale, and possession remain serious federal criminal offenses in Arizona and conflict with federal law. Indeed, those associated with Arizona's largest-scale marijuana producers risk lengthy terms in federal prison. The people of Arizona are free to advocate for a repeal of this federal criminal prohibition, but they must do so through their elected representatives in Congress. Under our federal system, Congress alone can authorize revision of federal laws prohibiting the commercial trade in marijuana.

15.     In recent years the United States Department of Justice (DOJ) has largely declined to bring prosecutions under the federal marijuana laws due to fiscal restraints, prompting millions of investment dollars and hundreds of thousands of new customers to flow into Arizona's commercial marijuana industry. Congress in 2015 enacted an appropriations rider (originally the "Rohrabacher-Farr Amendment", now "Rohrabacher-Blumenauer Amendment") that prevents DOJ from spending money "to prevent . . . States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated and Further Appropriations Act 2015, Pub. L. No. 113-235, Section 538, 128 Stat. 2130, 2217 (2014); See United States v. McIntosh, 833 F.3d 1163 (9th Cir. 2016) (concluding that this provision prevents DOJ from spending money to prosecute marijuana dealers who comply with state medical marijuana laws). This rider merely prevents DOJ from spending

money, but does not change what the CSA preemptively prohibits. The DOJ's current policy of non-enforcement does not strike a single word from the U.S. Code or deprive private individuals of their judicially enforceable rights under federal law. The DOJ can no more amend a federal statute than can the State of Arizona, and marijuana remains just as illegal under federal law today as it was when Congress passed the Controlled Substances Act in 1970.

16.     Dealing in marijuana is racketeering activity under RICO, and those who engage in a pattern of racketeering activity through a corporation or other enterprise are liable for three times the economic harm they cause plus costs and attorneys' fees. Those who conspire with racketeers by agreeing to assist them are likewise liable. RICO also gives Federal Courts the power to order racketeering enterprises and their co-conspirators to cease their unlawful operations. Accordingly, the Plaintiff asks this Court to award him the damages, costs, and fees to which he is entitled, including punitive damages, and requests that the Court order the RICO Defendants to cease their open and notorious violation of federal law and enter injunctive relief preventing further violation of federal law by the Defendants.

17.     In 2010 the voters of Arizona very narrowly approved proposition 203, "the Arizona Medical Marijuana Act", with 50.13% of the vote. The Act legalized the "medical" use of marijuana for "qualifying patients" who fulfilled certain criteria and who obtained the approval of a licensed physician. The Act also authorized the Arizona Department of Health Services (DHS) to issue regulations for the implementation of the Act, including the issuance of licenses for the operation of "medical marijuana dispensaries" and for "dispensary agents" who are individuals employed by the dispensary owners.

18.     By maintaining a website (highmountainhealth.org) that promotes the sale of a Schedule I drug, i.e. marijuana, Defendant High Mountain Health and associated used an

instrumentality of interstate commerce (the internet) to advertise for sale a Schedule I drug (marijuana) in violation of 21 U.S.C. § 843(c)(2)(A)(B).

19.     Upon information and belief, Defendants David Stilley, Katherine Spillman, Steven Thompson, High Mountain Health employees, Aspen Management employees, High River Consulting employees, and Red Bud Holdings employees, utilized the United States Postal Service (USPS) to communicate about their marijuana enterprise in violation of 21 U.S.C. 843(b).

20.     Upon information and belief, Defendants David Stilley, Katherine Spillman, Steven Thompson, and other High Mountain Health, Aspen Management, High River Consulting, and/or  Red Bud Holdings employees and/or managers, utilized email to communicate with potential investors about High Mountain Health's marijuana enterprise in violation of 21 U.S.C. § 843(b).

21.     High Mountain Health also advertises its facility and products, along with hosting reviews of such on Leafly, (www.leafly.com/dispensary-info/high-mountain-health), which is also accessible through the Leafly app available on both iOS and Android platforms, that advertises the sale of marijuana and promotes its illegal business activities. The comments section offers reviews that confuse the public, contain unsupported medical claims, and are potentially misleading. This is in violation of 21 U.S.C. § 843(c)(2)(A)(B).

22.     High Mountain Health also advertises its facility on Weedmaps.com, (weedmaps.com/dispensaries/high-mountain-health-flagstaff), which is also accessible through the Weedmaps app available on both iOS and Android platforms, that advertises the sale of marijuana and promotes its illegal business activities. This is in violation of 21 U.S.C. § 843(c)(2)(A)(B).

23.     High Mountain Health also advertises its services and facilities on Yelp, (www.yelp.com/biz/high-mountain-health-flagstaff), which is also accessible through the Yelp app available on both iOS and Android platforms, that advertises the sale of marijuana and promotes its illegal business activities. This is in violation of 21 U.S.C. § 843(c)(2)(A)(B)

24.     High Mountain Health maintains an Instagram page (@high_mountain_health) accessible through the Instagram App available on both iOS and Android platforms, that advertises the sale of marijuana and promotes its illegal business activities. This is in violation of 21 U.S.C. §843(c)(2)(A)(B).

25.     Arizona Revised Statutes ("A.R.S.") § 36-2806(D), prohibits a "registered nonprofit medical marijuana dispensary […] from acquiring, possessing, cultivating, manufacturing, delivering, transferring, transporting, supplying or dispensing marijuana for any purpose except to assist registered qualifying patients with the medical use of marijuana directly or through the registered qualifying patients' designated caregiver."

26.     The marijuana plants being growth at the 3850 East Huntington Drive, Flagstaff, AZ cultivation facility have been repeatedly photographed and video recorded to be shown growing under light fixtures and equipment manufactured by ProGrowTech, a Flagstaff-based horticultural lighting company, for the purposes of internet sales and marketing for both Defendant High Mountain Health, in violation of A.R.S. § 36-2806(D) as well as 21 U.S.C. § 843(b), and for ProGrowTech.

27.     A.R.S. § 36-2806(E) states that cultivation facilities "can only be accessed by registered nonprofit medical marijuana dispensary agents associated in the registry with the nonprofit medical marijuana dispensary." On numerous occasions witnessed by Plaintiff, persons who did not meet this state requirement were allowed to tour the 3850 East Huntington Drive,

8

Flagstaff, AZ cultivation facility with Defendant David Stilley in direct violation of this statute.

28.     On numerous occasions which were witnessed by Plaintiff, Defendant High Mountain Health has willfully and knowingly violated A.R.S. §§ 36-2806(D) and 36-2806(E) by repeatedly allowing persons who were not "registered nonprofit medical marijuana dispensary agents associated in the registry with the nonprofit medical marijuana dispensary" to photograph and video record the plants in the cultivation facility for commercial purposes.

## V.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Federal Law Prohibits the Production and Distribution of Marijuana

29.     Congress passed the CSA in 1970 as Title II of the Comprehensive Drug Abuse Prevention and Control Act. 84 Stat. 1236. Among the purposes of the CSA was to reduce drug abuse and the illegitimate traffic in controlled substances in the United States by prohibiting the unauthorized production, distribution, or possession of controlled substances.

30.     When it passed the CSA, Congress found that "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people," 21 U.S.C. § 801(2); and that "[a] major portion of the traffic in controlled substances flows through interstate and foreign commerce," id. § 801(3). The CSA addresses the social and economic ills caused by drug abuse and drug trafficking by prohibiting the illicit drug trade.

31.     The CSA categorizes drugs according to a series of schedules, with the most dangerous drugs falling under Schedule I. See id. § 812(b). Schedule I drugs have "a high potential for abuse." Id. § 812(b)(1). In enacting the CSA, Congress classified marijuana as a Schedule I drug. Id. § 812(c). Congress thus deemed marijuana to have a high potential for abuse. Id. § 812(b)(1). By classifying marijuana as a Schedule I drug, as opposed to listing it on a

lesser schedule, Congress made the manufacture, distribution, or possession of marijuana a criminal offense, with the sole exception being the use of the drug as part of a Food and Drug Administration pre-approved research study. Id. §§ 823(f), 841(a)(1), 844(a)

32.     The large-scale manufacture and distribution of marijuana is a serious felony under the CSA. A first-time offender convicted of producing or distributing 1,000 or more marijuana plants is subject to a sentence of 10 years to life imprisonment. Id. § 841(b)(1)(A). Growing 100 or more marijuana plants subjects the first-time offender to a sentence of 5 to 40 years imprisonment. Id. § 841(b)(1)(B). The cultivation and sale of smaller amounts of marijuana is punishable by maximum sentences that can be as long as 20 years. See id. § 841(b)(1)(C), (D). The CSA also criminalizes the possession of marijuana. Unless otherwise authorized by federal law, possession of marijuana by a first-time offender is punishable by up to 1 year of imprisonment. Id. § 844(a).

33.     In addition to the prohibitions on cultivation, sale, and possession of marijuana, the CSA also outlaws a wide range of other activities connected with the operations of a marijuana business. Thus, it is a crime to possess "any equipment, chemical, product, or material" with the intention of using it to manufacture marijuana, id. § 843(a)(6), or to distribute any such material with the knowledge that it will be used to manufacture marijuana, id. § 843(a)(7). The CSA bars the use of a telephone, email, mail, or any other "communication facility" in furtherance of the manufacture or sale of marijuana, id. § 843(b); and it is a federal crime to use the Internet to advertise the sale of marijuana, id. § 843(c)(2)(A). Reinvesting the proceeds from marijuana operations is also a crime, id. § 854(a), as is knowingly facilitating a financial transaction involving funds derived from manufacturing and selling marijuana, 18 U.S.C. §§ 1956, 1957, 1960. It is also a crime to knowingly lease, rent, maintain, manage, or control a

place where marijuana is manufactured or sold. 21 U.S.C. § 856. Leading a group of five or more people who commit a continuing series of federal marijuana crimes is an especially serious offense. Id. § 848. Also, attempting or conspiring to commit most of those crimes is also a criminal offense. See id. § 846; 18 U.S.C. §§ 1956(a)(1), 1956(h), 1957(a).

34.    These criminal prohibitions on virtually every aspect of the marijuana business make the federal policy embodied in the CSA unmistakably clear: marijuana is a dangerous drug that is banned throughout the United States. Because RICO defines most violations of the CSA as "racketeering activity," see 18 U.S.C. § 1961(1)(D), any business engaged in the commercial cultivation and sale of marijuana is a criminal enterprise for purposes of federal law. Those who conduct or conspire to assist such enterprises are subject to the severe criminal sanctions and civil liability that RICO imposes. See id. § 1962(c), (d).

### THE DEFENDANTS FORM AN ASSOCIATION-IN-FACT ENTERPRISE DEDICATED TO THE CULTIVATION AND DISTRIBUTION OF MARIJUANA

35.    Leasing or maintaining property for the cultivation of marijuana is a crime under 21 U.S.C. § 856 and is racketeering activity under 18 U.S.C. § 1961(1)(D).

36.    On information and belief, Defendants David Stilley, Katherine Spillman, and Steven Thompson, used the telephone, email, or other communication facilities to take steps in furtherance of their efforts to unlawfully lease the 3850 East Huntington Drive, Flagstaff, AZ, and 1250 South Plaza Way, Flagstaff, AZ properties and develop them. Such uses of communication facilities violate 21 U.S.C. § 843(b) and are racketeering activity under 18 U.S.C. § 1961(1)(D).

37.    In agreeing to develop and assist in the operations of the marijuana cultivation facilities at 3850 East Huntington Drive, Flagstaff, AZ, Defendants David Stilley, Katherine Spillman, and Steven Thompson conspired to violate the federal drug laws and commit a pattern

of racketeering activity.

38.     By and through Defendants High Mountain Health, Aspen Management, High River Consulting, and Red Bud Holdings, Defendants David Stilley, Katherine Spillman, and Steven Thompson operate a marijuana cultivation facility in Flagstaff, AZ. This operation violates numerous provisions of the CSA: maintaining the premises violates 21 U.S.C. § 856, growing, processing, and selling marijuana there violates 21 U.S.C. § 841(a), and maintaining the necessary chemicals, equipment, and materials violates 21 U.S.C. § 843(a)(6). On information and belief, Defendants  David Stilley, Katherine Spillman, and Steven Thompson have used the telephone, email and other communications facilities in furtherance of their drug conspiracy, thus violating 21 U.S.C. § 843(b). Each of those federal drug crimes is racketeering activity under 18 U.S.C. § 1961(1)(D).

39.     Defendants High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings,  David Stilley, Katherine Spillman, and Steven Thompson, formed an association-in-fact enterprise for the purposes of cultivating marijuana at 3850 East Huntington Drive, Flagstaff, AZ, and selling it through High Mountain Health's dispensary, as well as to other DHS-licensed dispensaries throughout Arizona. To that end, they pooled their resources, knowledge, skills, and labor to achieve through the enterprise efficiencies in the cultivation and distribution of marijuana that none of them could have achieved individually.

40.     All of the Defendants have contractual and other relationships with each other and are collaborating together to contribute to the association-in-fact enterprise's efforts to cultivate marijuana at 3850 East Huntington Drive, Flagstaff, AZ, thereby engage in an ongoing pattern of racketeering activity. Defendants High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson,

participated in the agreement as part of which High Mountain Health leased the 1250 South Plaza Way, Flagstaff, AZ property for dispensing marijuana. Defendants High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson, participated in the real estate transaction for the cultivation facility located at 3850 East Huntington Drive, Flagstaff, AZ.

41.     On information and belief, most decisions about how the properties at 3850 East Huntington Drive, Flagstaff, AZ,  and 1250 South Plaza Way, Flagstaff, AZ are developed and used are made collectively by Defendants David Stilley, Katherine Spillman, and Steven Thompson, with each having an important role in decision-making, operations, and management.

42.     Upon information and belief, Defendants David Stilley, Katherine Spillman, and Steven Thompson, play central roles in the management and operations of the association-in-fact enterprise

43.     All of the Defendants agreed to participate in and assist the enterprise with full knowledge of its overall aim of growing and selling marijuana. As set forth above, that goal could only be accomplished through numerous violations of the CSA. Each such violation of the CSA is racketeering activity, and all of the Defendants thus knew, or should have known, and intended that in agreeing to assist the enterprise they would help it carry out a pattern of racketeering activity.

44.     Upon information and belief, Defendants David Stilley, Katherine Spillman, and Steven Thompson, also have important roles managing the enterprise's affairs. High Mountain Health applied for and holds the state and local permits that authorize cultivation of marijuana at 3850 East Huntington Drive, Flagstaff, AZ, and dispensary operations at 1250 South Plaza Way, Flagstaff, AZ. As significant owners in High Mountain Health, Aspen Management, High River

Consulting, and Red Bud Holdings, Defendants David Stilley, Katherine Spillman, and Steven Thompson make decisions about High Mountain Health's finances and business strategy.

**MONEY LAUNDERING CONSPIRACY**
**IN FURTHERANCE OF THE ENTERPRISE'S PREDICATE ACTS**

45.     In executing the continuing criminal enterprise described above, the Defendants conspired to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce involving the proceeds of specified unlawful activity—i.e., manufacture, distribution and delivery of a controlled substance—knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such unlawful activity and knowing that the funds involved represented proceeds of some form of unlawful activity.

46.     Upon information and belief, as a result of affecting consumer preferences through its internet marketing both of marijuana and related products, the Defendants generated additional proceeds from sales of marijuana and related products that it would not have received had it not engaged in the criminal acts of racketeering described herein—money that the association-in-fact participants then laundered and converted to cash through their network of management companies, namely Defendants Aspen Management, High River Consulting, Red Bud Holdings, and through other means.

47.     To conceal the source of the illegal income generated through marijuana sales at the 1250 South Plaza Way, Flagstaff, AZ dispensary, Defendants David Stilley, Katherine Spillman, and Steven Thompson, laundered these funds through bank accounts controlled by High River Consulting and/or Aspen Management  and/or Red Bud Holdings. The purpose of laundering the funds through High River Consulting, Aspen Management, and/or Red Bud Holdings, and through other means,  was to conceal the source of the funds so there would be no

14

apparent linkage to the High Mountain Health dispensary.

## THE DEFENDANTS' MARIJUANA OPERATIONS
## INJURED THE PLAINTIFF IN HIS BUSINESS

48.     Plaintiff is a former employee of High Mountain Health, who was hired on or about August 13, 2017, as a "Cultivation Assistant" at the marijuana cultivation facility located at 3850 East Huntington Drive, Flagstaff, AZ. His job duties included watering plants, feeding plants, pruning plants, mixing chemical fertilizer solutions to precise concentrations, and managing "bloom" rooms containing 72 fully-grown marijuana plants, where he was directly and solely responsible for creating and implementing a feeding routine and schedule in order to maximize yields and marijuana potency based on Plaintiff's extensive prior horticultural experience.

49.     On or about December 12, 2017, Plaintiff became aware of and personally observed substantial violations of the provisions of the Arizona Medical Marijuana Act at the Defendants' 3850 East Huntington Drive, Flagstaff, AZ, cultivation facility. Plaintiff, being familiar with *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016) and fearing that he may therefore be subject to arrest, prosecution, and imprisonment for his participation in the Defendants' racketeering enterprise, made the decision to preemptively contacted the DEA Phoenix Division where he spoke to the Special Agent on Duty. During this conversation, Plaintiff discussed in detail the nature of the violations of the Arizona Medical Marijuana Act and the scope and extent of the Defendants' criminal enterprise. This Special Agent subsequently forwarded Plaintiff's contact information and the information that Plaintiff had provided regarding Defendants' criminal activities to the Flagstaff DEA Field Office, who shortly thereafter contacted Plaintiff to arrange an in-person meeting between Plaintiff and DEA Special Agents.

50.     On January 8, 2018, Plaintiff met with two Special Agents of the DEA at the Flagstaff Police and Sheriff's Department building, 911 Sawmill Road, Flagstaff, AZ. During this hour-long meeting, which Plaintiff audio recorded, Plaintiff discussed in detail with these Special Agents the nature and extent of the Defendants' violations of federal criminal statutes as well as Defendants' numerous violations of the Arizona Medical Marijuana Act directly witnessed by Plaintiff and that would have ostensibly removed any protection from criminal prosecution of Plaintiff, Defendants, and all employees of Defendants by the United States subsequent to *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016). Plaintiff has a young son and was legitimately concerned that his employment to which he relied upon to pay child-support might subject him to criminal liability and ultimately the loss of shared custody of his son due to the Defendants' willful non-compliance with the Arizona Medical Marijuana Act.

51.     On or about January 15, 2018, Plaintiff again met with these Special Agents of the DEA at the Flagstaff Police and Sheriff's Department Building, 911 E Sawmill Road, Flagstaff, AZ, to provide these agents with extensive video and photographic evidence that Plaintiff had collected during the previous week at the request of these Special Agents. During this meeting Plaintiff additionally provided the Special Agents photocopies of cultivation records which were freely available for any employee to view and which indicated the total yield and cannabinoid (delta-9-tetrahydrocannabinol, "THC") content from more than 30 separate harvests over the previous year, each of 72 fully mature marijuana plants, all of which were grown and harvested at the Defendants' cultivation site at 3850 East Huntington Drive, Flagstaff, AZ, 86004, representing more than 500 hundred  pounds of dried, cured, and salable marijuana with a street value in excess of $4.6 million dollars.

52.     On or about January 16, 2018, subsequent to Plaintiff's second meeting with these

DEA Special Agents, Plaintiff disclosed to several employees of the Defendants' cultivation site, at 3850 East Huntington Drive, Flagstaff, AZ, 86004, that he was cooperating with DEA in an investigation into the Defendants' activities with regard to their "medical marijuana" operation. Plaintiff disclosed this information for the purpose of attempting to persuade other employees to cooperate with DEA and additionally disclosed to these employees that Plaintiff believed that every employee of the Defendants was potentially subject to federal criminal prosecution because the Defendants were not acting in compliance with the Arizona Medical Marijuana Act.

53.     On or about January 16, 2018, during a lengthy conversation between Plaintiff and Chris Bush, an employee of the Defendants', where Plaintiff was discussing in detail his meetings with DEA and the specific information that he had disclosed to the DEA Special Agents, Mike Paine, Director of Operations for the cultivation site at 3850 East Huntington Drive, Flagstaff, AZ, was subsequently observed by Plaintiff to be eavesdropping on Plaintiff's conversation with Chris Bush from approximately 10 feet away, just outside of the doorway of the approximately 4x8 foot room where Plaintiff and Chris Bush were having this conversation. Plaintiff did not observe Mike Paine's presence until he peeked out of the doorway and saw Mike Paine standing just outside and to the right of the room where this conversation took place. Mike Paine, upon being observed by Plaintiff, then quickly left the area and headed in the direction of the main cultivation floor, where Defendant David Stilley was providing a tour of the cultivation site to what Plaintiff and Plaintiff's co-workers understood to be potential investors, in violation of Arizona law.

54.     On the morning of January 17, 2018, Plaintiff was contacted via text message by Plaintiff's immediate supervisor James Reeves, Head Grower at the 3850 East Huntington Drive, Flagstaff, AZ, 86004, cultivation site, and instructed not to come into work that day. No reason

was given by James Reeves for why Plaintiff should not come in to work that day and nor did Plaintiff inquire as to such.

55.     On January 18, 2018, when Plaintiff arrived to work at 8:00 AM, he was intercepted in the parking lot by Defendants David Stilley and Katherine Spillman and was notified in person by Defendant David Stilley that Plaintiff's employment was being terminated effective immediately. Defendant David Stilley then provided Plaintiff a letter detailing the alleged reasons for Plaintiff's employment termination. During this encounter, Kristi Borling, Defendants' Human Resources Manager, was additionally present.

## VI.     CLAIMS FOR RELIEF

### RICO COUNTS
### COUNT I
### Violation of 18 U.S.C. § 1962(c)
### Against High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson

56.     Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs.

57.     RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Defendants David Stilley, Katherine Spillman, and Steven Thompson, each violated this provision of 18 U.S.C. § 1962.

58.     All of the Defendants formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) by establishing contractual and other relationships with each other,

collaborating to develop the 3850 East Huntington Drive, Flagstaff, AZ, property for marijuana cultivation and the 1250 South Plaza Way, Flagstaff, AZ, property for a retail dispensary, as well as agreeing to sell that marijuana to licensed dispensaries throughout Arizona. This enterprise enables the Defendants to more efficiently achieve their collective purpose.

59. Funding, goods, and services procured by the enterprise have moved in interstate commerce, and the enterprise purportedly advertises and intends to sell marijuana in interstate commerce.

60. Defendants High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson, each have some part in directing the enterprise's affairs. High Mountain Health, by and through its manager David Stilley, Aspen Management by and through its manager High River Consulting, High River Consulting by and through its manager Katherine Spillman, and its members David Stilley and Steven Thompson, and Red Bud Holdings by and through its manager High River Consulting.

## COUNT II
### Violation of 18 U.S.C. § 1962(d)
### Against High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson

61. Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs.

62. RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

63. Defendants David Stilley, Katherine Spillman, and Steven Thompson, for their

mutual and individual profit, purportedly agreed and conspired to violate 18 U.S.C. § 1962(c) by forming an association-in-fact enterprise for the purpose of cultivating marijuana at 3850 East Huntington Drive, Flagstaff, AZ, and selling it at 1250 South Plaza Way, Flagstaff, AZ, and other licensed dispensary locations throughout the State. These Defendants knew, or should have known, that this patently unlawful scheme could only be accomplished through a pattern of racketeering activity for maintaining a premises at which marijuana is cultivated and sold, cultivating and selling marijuana, and possessing the goods and materials needed to cultivate and process marijuana are all illegal and crimes under the CSA. See, e.g., 21 U.S.C. §§ 841(a), 843(a)(6), 856

64.     Funding, goods, and services procured by said Defendants in furtherance of their association-in-fact enterprise for the purpose of cultivating and selling marijuana have purportedly moved in interstate commerce, and the enterprise sells and advertises marijuana grown at 3850 East Huntington Drive, Flagstaff, AZ, in interstate commerce.

65.     Defendants High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson, have engaged in racketeering activity in furtherance of their conspiracy to violate 18 U.S.C. § 1962(c). All of these Defendants violated 21 U.S.C. § 846 by agreeing and conspiring to assist in the establishment or operations of the 3850 East Huntington Drive, Flagstaff, AZ marijuana cultivation facilities or in the establishment or operations of High Mountain Health's marijuana business. And Defendants High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, and their agents entered into a real estate agreement to operate a marijuana cultivation facility and offer for sale in violation of 21 U.S.C. § 856.

66.     Racketeering activities undertaken in furtherance of the Defendants' High

20

Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson, conspiracy to violate 18 U.S.C. § 1962(c) have damaged the Plaintiff's business and otherwise damaged the Plaintiff. Specifically, the termination of Plaintiff's employment by the Defendants because Defendants had become aware of Plaintiff's cooperation with DEA in an investigation of Defendants was a violation of 18 U.S.C. § 1513(e) and predicate act for the purposes of RICO. This termination of Plaintiff's employment constituted damage to Plaintiff's business in the form of a loss of employment and future wages and benefits.

**COUNT III**
**Violation of 18 U.S.C. § 1962(c)**
**Against David Stilley, Katherine Spillman, and Steven Thompson**

67.    Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs.

68.    RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

69.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). High Mountain Health is an Arizona limited liability company. Thus, it is a RICO "enterprise."

70.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Aspen Management is an Arizona limited

liability company. Thus, it is a RICO "enterprise."

71.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). High River Consulting is an Arizona limited liability company. Thus, it is a RICO "enterprise."

72.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Red Bud Holdings is an Arizona limited liability company. Thus, it is a RICO "enterprise."

73. Upon information and belief, Defendants David Stilley, Katherine Spillman, and Steven Thompson are significant or principal owners and members of High Mountain Health and have authority to act on its behalf, either directly or through its affiliated entities: Aspen Management,  High River Consulting, and Red Bud Holdings. They therefore have roles in directing and managing its affairs.

74.    Defendants David Stilley, Katherine Spillman, and Steven Thompson have each conducted or participated in the conduct of the affairs of High Mountain Health through a pattern of racketeering activity. Together, they oversee the growing, processing, and sale of marijuana at High Mountain Health's 3850 East Huntington Drive, Flagstaff, AZ cultivation facility and 1250 South Plaza Way, Flagstaff, AZ, dispensary in violation of 21 U.S.C. § 841(a), 21 U.S.C. § 843(a)(6), and 21 U.S.C. § 856. Upon information and belief, they have sought investors or partners for their business activities.

75.    Defendants David Stilley, Katherine Spillman, and Steven Thompson, have also entered into a lease under which marijuana is being cultivated at 3850 East Huntington Drive, Flagstaff, AZ and is to be sold at 1250 South Plaza Way, Flagstaff, AZ in violation of 21 U.S.C. § 856. They purportedly conspired with each other, High Mountain Health, Aspen Management,

22

High River Consulting, and Red Bud Holdings, to violate numerous provisions of the CSA by growing marijuana and thus violated 21 U.S.C. § 846. They advertise marijuana for sale over the Internet in violation of 21 U.S.C. § 843(c)(2)(A). On information and belief, they have each violated 21 U.S.C. § 843(b) by using the telephone, email, or other communication facilities to take steps in furtherance of the many violations of the CSA that occur at their cultivation and dispensary facilities, and other dispensaries throughout Arizona to whom they sell marijuana for re-sale. Each of those crimes is racketeering activity under 18 U.S.C. § 1961(1)(D), and together they represent an ongoing pattern that will continue unless this Court intervenes.

76.    Funding, goods, and services procured by Defendants David Stilley, Katherine Spillman, and Steven Thompson for High Mountain Health's unlawful activities have moved in interstate commerce, and High Mountain Health sells marijuana—including marijuana grown at the 3850 East Huntington Drive, Flagstaff, AZ cultivation facility—in the interstate market for illegal drugs.

77.    Defendants David Stilley, Katherine Spillman, and Steven Thompson directly injured or damaged the Plaintiff's business through their racketeering enterprise by knowingly conspiring to terminate and then terminating Plaintiff's employment because Defendants had become aware that Plaintiff was cooperating in a federal criminal investigation against Defendants. This termination of Plaintiff's employment constituted a predicate act of racketeering pursuant to 18 U.S.C. § 1513(e) causing an economic injury to Plaintiff in the form of loss of employment and future wages and benefits.

**COUNT IV**
**Violation of 18 U.S.C. § 1962(d)**
**Against High Mountain Health, Aspen Management, High River Consulting,**
**Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson**

78.    Plaintiff repeats and incorporates by reference the allegations of the preceding

paragraphs.

79.     RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Defendants David Stilley, Katherine Spillman, and Steven Thompson, agreed and conspired to violate 18 U.S.C. § 1962(c).

80.     An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Defendant High Mountain Health is an Arizona limited liability company. It is a RICO "enterprise."

81.     An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Defendant Aspen Management is an Arizona limited liability company. It is a RICO "enterprise."

82.     An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Defendant High River Consulting is an Arizona limited liability company. It is a RICO "enterprise."

83.     An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Defendant Red Bud Holdings is an Arizona limited liability company. It is a RICO "enterprise."

84.     Funding, goods, and services procured in furtherance of High Mountain Health's unlawful activities have moved in interstate commerce, and High Mountain Health sells marijuana—including marijuana grown at the 3850 East Huntington Drive, Flagstaff, AZ cultivation facility—in the interstate market for illegal drugs.

85.     Upon information and belief, Defendants Aspen Management, High River

Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson, are each associated with High Mountain Health and agreed to assist High Mountain Health to establish and operate a marijuana cultivation facility at 3850 East Huntington Drive, Flagstaff, AZ and a dispensary at 1250 South Plaza Way, Flagstaff, AZ

86.     Defendants David Stilley, Katherine Spillman, and Steven Thompson, each understood that their collective efforts to establish and operate the marijuana operations at 3850 East Huntington Drive, Flagstaff, AZ and at 1250 South Plaza Way, Flagstaff, AZ could only be accomplished through a pattern of racketeering activity. Specifically, all parties understood and/or agreed that David Stilley, Katherine Spillman, and Steven Thompson, would violate the CSA by cultivating marijuana and selling it, 21 U.S.C. § 841(a), possessing the equipment and materials necessary for marijuana cultivation, id. § 843(a)(6), and maintaining the premises at 3850 East Huntington Drive, Flagstaff, AZ for cultivating and selling marijuana at 1250 South Plaza Way, Flagstaff, AZ, id. §§ 849, 856. Each of those crimes is racketeering activity, and together they form an ongoing pattern.

87.     Racketeering activities undertaken in furtherance of the conspiracy among Defendants David Stilley, Katherine Spillman, and Steven Thompson, High Mountain Health, Aspen Management, High River Consulting, and Red Bud Holdings, to violate 18 U.S.C. § 1962(c), have damaged the Plaintiff's business or property. Specifically, the cultivation of marijuana at 3850 East Huntington Drive, Flagstaff, AZ proximately injured or damaged the Plaintiff's business when Defendants knowingly terminated Plaintiff's employment for reason of the fact that Plaintiff was assisting DEA in a federal criminal investigation of Defendants' racketeering enterprise, a RICO predicate act pursuant to 18 U.S.C. § 1513(e). This predicate act caused direct economic injury to Plaintiff in his business, specifically a loss of employment and

future wages and benefits.

**COUNT V**
**Violation of 18 U.S.C. § 1962(c)**
**Against High Mountain Health, Aspen Management, High River Consulting,**
**Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson**

88.    Plaintiff repeats and incorporate by reference the allegations of the preceding paragraphs

89.    RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Defendants David Stilley, Katherine Spillman, and Steven Thompson, each violated this provision of 18 U.S.C. § 1962.

90.    The Defendants formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) by establishing contractual and other relationships with each other, collaborating to develop the 3850 East Huntington Drive, Flagstaff, AZ property for marijuana cultivation  and the 1250 South Plaza Way, Flagstaff, AZ property for a retail dispensary, as well as agreeing to sell that marijuana to dispensaries throughout Arizona. This enterprise enables the Defendants to more efficiently achieve their collective purpose.

91.    Funding, goods, and services procured by the enterprise have moved in interstate commerce, and the enterprise purportedly advertises and intends to sell marijuana in interstate commerce.

92.    Defendants High Mountain Health, Aspen Management, High River Consulting, David Stilley, Katherine Spillman, and Steven Thompson, each have some part in

directing the enterprise's affairs. High Mountain Health, by and through its owners, applied for licenses to operate a cultivation facility at 3850 East Huntington Drive, Flagstaff, AZ and a dispensary at 1250 South Plaza Way, Flagstaff, AZ; and they, upon information and belief along with Aspen Management, High River Consulting, and/or Red Bud Holdings, collectively manage the properties where the resulting marijuana is sold or to be sold.

93.     Defendants High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson, have each conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity. They collectively entered into a lease(s) under which High Mountain Health has been purportedly used to commit numerous crimes under the CSA, and that lease(s) violates 21 U.S.C. § 856. They also conspired, in violation of 21 U.S.C. § 846, to work together with the other members of the enterprise for the success of High Mountain Health's open-ended illegal marijuana business. On information and belief, they used communication facilities to enter into their lease and their drug conspiracy in violation of 21 U.S.C. § 843(b). High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson, possess materials, goods, and facilities for the manufacture of marijuana in violation of 21 U.S.C. § 843(a)(6). All of those crimes are racketeering activity under 18 U.S.C. § 1961(1)(D).

94.     The racketeering activities of Defendants High Mountain Health, Aspen Management, High River Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson has directly injured the Plaintiff's in his business, to include a loss of employment and future wages, by the predicate act the termination of Plaintiff's employment in violation of 18 U.S.C. § 1513(e), and proximately by this act being committed by the participants

in the racketeering enterprise specifically in the furtherance of the goals of such.

**COUNT VI**
**Violation of 18 U.S.C. § 1962(d)**
**Against High Mountain Health, Aspen Management, High River Consulting,**
**Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson**

95.     Plaintiff repeats and incorporates by reference the allegations of the preceding paragraphs

96.     RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

97.     Defendants, for their mutual and individual profit, purportedly agreed and conspired to violate 18 U.S.C. § 1962(c) by forming an association-in-fact enterprise for the purpose of cultivating marijuana at 3850 East Huntington Drive, Flagstaff, AZ and selling it at 1250 South Plaza Way, Flagstaff, AZ and other dispensary locations throughout the State and beyond. Defendants knew, or should have known, that this patently unlawful scheme could only be accomplished through a pattern of racketeering activity for maintaining a premises at which marijuana is cultivated and sold, cultivating and selling marijuana, and possessing the goods and materials needed to cultivate and process marijuana are all illegal and crimes under the CSA. See, e.g., 21 U.S.C. §§ 841(a), 843(a)(6), 856.

98.     Funding, goods, and services procured by said Defendants in furtherance of their association-in-fact enterprise for the purpose of cultivating and selling marijuana have purportedly moved in interstate commerce, and the enterprise sells and advertises marijuana grown at 3850 East Huntington Drive, Flagstaff, AZ in interstate commerce.

99.     The Defendants have engaged in racketeering activity in furtherance of their

conspiracy to violate 18 U.S.C. § 1962(c). All of the Defendants violated 21 U.S.C. § 846 by

agreeing and conspiring to assist in the establishment of the 3850 East Huntington Drive,

Flagstaff, AZ marijuana cultivation facilities or in the operations thereof, or in High Mountain

Health's marijuana business. And High Mountain Health, Aspen Management, High River

Consulting, Red Bud Holdings, David Stilley, Katherine Spillman, and Steven Thompson, their

agents entered into a real estate agreement to operate marijuana cultivation and sale facilities in

violation of 21 U.S.C. § 856.

100.    Racketeering activities undertaken in furtherance of the Defendant's conspiracy to

violate 18 U.S.C. § 1962(c) have damaged the Plaintiff's in his business and otherwise damaged

the Plaintiff. Specifically, the lease, construction, and operation of the marijuana cultivation

facility at 3850 East Huntington Drive, Flagstaff, AZ in violation of 21 U.S.C. § 856 and the

drug conspiracy of which those actions are a part directly and proximately injured the Plaintiff in

his business and damaged the Plaintiff by causing a  loss of employment and future wages and

benefits to the Plaintiff directly due to the violation of the predicate act codified in 18 U.S.C. §

1513(e) and proximately due to this violation being committed specifically in the furtherance of

the goals of the racketeering enterprise.

**COUNT VII**
**Violation of 18 U.S.C. § 1962(c)**
**Against David Stilley, Katherine Spillman, and Steven Thompson**

101.    Plaintiff repeats and incorporate by reference the allegations of the preceding

paragraphs.

102.    RICO creates a private right of action for "[a]ny person injured in his business or

property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. §

1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged

in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

103.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). High Mountain Health is an Arizona limited liability company. Thus, it is a RICO "enterprise."

104.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Aspen Management is an Arizona limited liability company. Thus, it is a RICO "enterprise."

105.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). High River Consulting is an Arizona limited liability company. Thus, it is a RICO "enterprise."

106.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Red Bud Holdings is an Arizona limited liability company. Thus, it is a RICO "enterprise."

107.    Upon information and belief, Defendants David Stilley, Katherine Spillman, and Steven Thompson, are significant or principal owners and members of High Mountain Health, Aspen Management, High River Consulting, and Red Bud Holdings, and have authority to act on their behalf. They therefore have roles in directing and managing the business affairs.

108.    Defendants David Stilley, Katherine Spillman, and Steven Thompson, have each conducted or participated in the conduct of the affairs of High Mountain Health through a pattern of racketeering activity. Together, they oversee the growing, processing, and sale of marijuana at High Mountain Health's 3850 East Huntington Drive, Flagstaff, AZ property for marijuana

cultivation and the 1250 South Plaza Way, Flagstaff, AZ dispensary in violation of 21 U.S.C. § 841(a), 21 U.S.C. § 843(a)(6), and 21 U.S.C. § 856. Upon information and belief, they have sought investors or partners for their business activities. They also entered into a lease under which marijuana is being cultivated at 1250 South Plaza Way, Flagstaff, AZ and is to be sold at 1250 South Plaza Way, Flagstaff, AZ in violation of 21 U.S.C. § 856. They purportedly conspired with each other to violate numerous provisions of the CSA by growing marijuana and thus violated 21 U.S.C. § 846. They advertise marijuana for sale over the Internet in violation of 21 U.S.C. § 843(c)(2)(A). On information and belief, they have each violated 21 U.S.C. § 843(b) by using the telephone, email, or other communication facilities to take steps in furtherance of the many violations of the CSA that occur at their cultivation and dispensary facilities. Each of those crimes is racketeering activity under 18 U.S.C. § 1961(1)(D), and together they represent an ongoing pattern that will continue unless this Court intervenes.

109.    Funding, goods, and services procured by Defendants David Stilley, Katherine Spillman, and Steven Thompson, for High Mountain Health's unlawful activities have moved in interstate commerce, and High Mountain Health sells marijuana—including marijuana grown at the 3850 East Huntington Drive, Flagstaff, AZ cultivation facility—in the interstate market for illegal drugs.

110.    Defendants David Stilley, Katherine Spillman, and Steven Thompson, by and through their High Mountain Health criminal racketeering enterprise, directly injured or damaged the Plaintiff in his business by knowingly terminating Plaintiff's employment because he was cooperating in a federal criminal investigation against Defendants, which is a RICO predicate act under 18 U.S.C. § 1513(e), thereby directly causing the injury of loss of employment and future wages to the Plaintiff, and proximately in the furtherance of the goals of

the racketeering enterprise.

## VII.   **PRAYER FOR RELIEF**

111.   **WHEREFORE**, Plaintiff requests the following relief:

    a.   Awarding the Plaintiff damages, including three times the damages to Plaintiff for economic harm, to include loss of employment and future wages and benefits that was caused by the Defendants' racketeering activities, in an amount of not less than  $2.67 million dollars, the exact amount of damages and the liability of each Defendant for such to be determined by a jury at trial.

    b.   Awarding the Plaintiff punitive damages against the Defendants in an amount to be determined by jury at trial.

    c.   Enjoining and restraining all Defendants from continuing to engage in racketeering activities.

    d.   Enjoining and restraining High Mountain Health from operating a website located at https://highmountainhealth.org, or any subsequently created site, advertising marijuana for sale or describing any marijuana related business activities, including on any Facebook page, Yelp page, Leafly page, Weedmaps page, or similar website.

    e.   Awarding Plaintiff his reasonable costs, including attorneys' fees incurred in bringing this litigation.

    f.   A declaration of all of the rights, responsibilities, and obligations of all parties.

    g.   Granting such other and further relief as this Honorable Court deems just and proper and such other declaration of the rights, obligations, and liabilities as may be necessary and proper.

Dated: May 13, 2019

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

<u>s/ Joseph M. McGhee</u>
412 E David Dr
Flagstaff, AZ 86001
(928) 600-0954
mcghee.v.hmh@gmail.com
*Plaintiff Pro Se*